Manatt, Phelps & Phillips, LLP
CRAIG J. DE RECAT (Bar No. CA 105567)
E-mail: cderecat@manatt.com
MATTHEW P. KANNY (Bar No. CA 167118)
E-mail: MKanny@manatt.com
KATRINA DELA CRUZ (Bar No. CA 293398)
E-mail: KDelaCruz@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
WESTPORT INSURANCE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| WESTPORT INSURANCE CORPORATION, A MISSOURI CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>VASQUEZ, ESTRADA & CONWAY LLP AND DOES 1 THROUGH 10,<br><br>Defendants. | No.<br><br>**COMPLAINT OF WESTPORT INSURANCE CORPORATION AGAINST VASQUEZ, ESTRADA & CONWAY LLP FOR: (1) BREACH OF CONTRACT; (2) BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING; (3) DECLARATORY RELIEF; AND (4) AN ACCOUNTING** |

Plaintiff Westport Insurance Corporation, a Missouri corporation ("Westport"), for its Complaint against Vasquez, Estrada & Conway LLP ("VEC") and DOES 1 through 10, inclusive (collectively, "Defendants"), alleges as follows:

## I. INTRODUCTION

1. Westport is one of several insurers of Hill Brothers Chemical Company ("Hill Brothers"), which is, and for nearly two decades has been, a defendant in numerous asbestos-related cases (the "Hill Brothers Cases"). Hill Brothers has an extensive group of insurance policies (including a Westport policy) which have paid defense fees and indemnity settlements in connection with the Hill Brothers Cases. VEC has defended Hill Brothers in the Hill Brothers Cases. Prior to about July 2013, except for a short time period in 2002, Westport was not actively involved in the Hill Brothers Cases and did not pay defense fees or indemnity settlements, as it had no policy that was triggered. In or about July 2013, Westport agreed to pay a share of the defense fees and indemnity settlements, as a number of other policies had reached their policy limits, potentially triggering the Westport policy. Several other insurance companies were involved in the defense group at that time and acted as lead up until about November 1, 2014, when Westport became the sole responding insurance company. Between May 2013 and April 2015, VEC invoiced the insurers more than $9 million for the attorneys' fees and costs it purportedly incurred in defending Hill Brothers. Westport's share of these invoices was $6,022,744.11, of which Westport has already paid $5,028,234.04.

2. In late 2014, VEC presented Westport with a $5 million budget for defending the Hill Brothers Cases in 2015. Westport considered this budget to be excessive and advised VEC of this fact and requested a revised budget. Rather than presenting an updated budget based on actual work to be performed and realistic assumptions, VEC instead responded that it would simply reduce its 2015 budget to whatever the remaining policy limits of Westport's policy were. VEC's response

triggered alarms to Westport. Westport became concerned that its insured's policy limits were being (and had been) improperly eroded by exorbitant defense costs. Rather than simply exhausting the policy and moving on, Westport decided, at its own expense, to investigate VEC's case management procedures, staffing protocols, defense spend, and settlement strategy. This investigation revealed VEC's apparent mismanagement of the Hill Brothers Cases and excessive billing. Based on the investigation, it was determined that reasonable charges to Westport should not have exceeded $2,942,260.00. Westport apprised Hill Brothers of the findings of its investigation, and in April 2015, Hill Brothers replaced VEC with the law firm of Morgan, Lewis & Bockius LLP.

3. VEC has breached its contract with Westport, as well as the covenant of good faith and fair dealing implied therein, by failing to provide competent services and by excessive billing. As discussed in more detail below, Westport is entitled to recover at least $2,028,234.04 in overpayments it has already made to VEC. In addition, a declaratory judgment that Westport has no further payment obligation to VEC is plainly warranted. Finally, an accounting is required so that Westport is fully aware of VEC's liability with respect to amounts Westport is seeking as a refund from VEC.

## II. THE PARTIES

4. Plaintiff Westport is a Missouri Corporation and is a wholly owned subsidiary of SR Corporate Solutions America Holding Corporation, a Delaware Corporation. Westport's principal place of business is located in Overland Park, Kansas.

5. Defendant VEC is a law firm and limited liability partnership located in Glendale and San Rafael, California. On information and belief, each of its members resides in California.

6. Westport does not know the true names of Defendants designated as Does 1 through 10, inclusive, and therefore sues them by said fictitious names.

Westport is informed and believes, and on this basis alleges, that each fictitiously named Defendant, including Does 1 through 10, inclusive, is in some manner of law or fact responsible for the wrongs, damages and causes of action alleged herein, and that at all times referenced herein each was the successor, assign, joint venturer, co-venturer, co-conspirator, partner, agent, or alter ego of the others, or was otherwise involved with the other Defendants in the wrongdoing averred herein, and by virtue of such capacity is liable and responsible on the facts alleged for some or all of the damages sought herein.

### III. JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (a) a substantial part of the events or omissions giving rise to Westport's claims occurred in this District, and (b) Defendants transact business on a systematic and continuous basis within this District and may be found here.

### IV. FACTUAL BACKGROUND

#### A. The Westport Policy

9. Hill Brothers supplies industrial chemicals and construction products throughout the West Coast and Rocky Mountains. For nearly two decades, Hill Brothers has been a defendant in the Hill Brothers Cases. As mentioned above, VEC has defended Hill Brothers in the Hill Brothers Cases.

10. Hill Brothers has an insurance policy with Westport for the year April 30, 1980 through April 30, 1981 (the "Westport Policy"). The Westport Policy has a limit of $9.5 million and is a "burning limits" policy in that both defense costs and indemnity payments reduce and eventually will exhaust the policy limits. The Westport Policy is an excess policy of insurance above five other policies issued to Hill Brothers for the specified period by other carriers.

11. Westport became involved in the defense of Hill Brothers as the policies below the Westport Policy exhausted. Between about May 1, 2013 and April 21, 2015, Westport's share of the defense spending gradually increased from 40.93% to 100%. Westport became the sole responding insurance company on or about November 1, 2014. Prior to that time, other insurance companies, namely Fireman's Fund, CNU and Brandywine, were paying a share of the defense costs and indemnity settlements and were taking the lead in the Hill Brothers Cases.

### B.  The Engagement Agreement and Guidelines

12. On September 19, 2013, Westport sent a letter to Michael Vasquez, a partner at VEC, setting forth the basis upon which Westport instructed VEC to act in relation to Hill Brothers (the "Engagement Agreement"). On that same day, Mr. Vasquez counter-signed the Engagement Agreement.

13. Westport provided VEC with its Outside Counsel Claims Litigation Guidelines (the "Guidelines") setting forth in detail Westport's requirements with respect to various matters, including the development and management of assigned claim files, budgeting and case management, expense guidelines, and billing time and format requirements. Together, the Engagement Agreement and the Guidelines set forth the terms and conditions of the contract between Westport and VEC.

### C.  VEC's Attorneys' Fees and Costs

14. For the period between May 1, 2013 and April 21, 2015, VEC billed $9,776,549.95 of costs and attorneys' fees on the Hill Brothers Cases, of which, based on agreements between the other insurance companies, Westport's share is $6,022,744.11. The following table shows how that share is calculated.

| Dates of Time Entries | VEC Fees and Costs | Westport's Percentage Allocation of VEC's Fees and Costs | Amount VEC Seeks From Westport |
|---|---|---|---|
| May 1, 2013 to March 31, 2014 | $4,174,363.09 | 40.93% | $1,708,556.81 |
| April 1, 2014 to August 12, 2014 | $2,082,354.62 | 55.2% | $1,149,459.75 |
| August 13 to October 31, 2014 | $1,149,238.49 | 69.1% | $794.123.80 |
| November 1, 2014 to April 21, 2015 | $2,370,593.75 | 100% | $2,370,593.75 |
| **Totals** | $9,776,549.95 | | $6,022,744.11 |

15. To date, Westport has paid $5,028,234.04 under a reservation of rights to VEC for its work on the Hill Brothers Cases.

**D. Westport's Investigation of VEC's Litigation Management**

16. On or about December 1, 2014, VEC sent a proposed litigation budget of $5 million for 2015 to Westport. Westport became alarmed that this proposed budget was significantly higher than what Westport had anticipated.

17. On or about December 3, 2014, Westport advised Mr. Vasquez of Westport's objection to the budget. In response, Mr. Vasquez revised the budget to an amount equal to the remaining policy limits. Mr. Vasquez's revised budget was cause for concern to Westport because it suggested that the budget was not the product of careful thought and planning or based on the actual work to be performed and realistic assumptions about the cases.

18. As a result, in February 2015, Westport initiated an investigation of VEC's case management procedures, staffing protocols, defense spend, and settlement strategy. Based on the investigation, Westport had questions about the extent of VEC's expertise in the technical aspects of certain product-specific defenses. Westport further concluded that proper oversight in the management of the Hill Brothers Cases was lacking and that VEC had engaged in widespread

overbilling. Westport uncovered numerous examples of VEC's deficiencies, including, by way of example, all of the following:

       a. In violation of the Guidelines' requirement that each case be staffed with no more than three persons, VEC billed more than a dozen timekeepers on each of several cases.

       b. In the Spring of 2014, VEC prepared 29 motions *in limine* for two cases that were virtually identical to motions *in limine* filed in previous cases. Nevertheless, VEC billed 174.3 hours for the preparation of these motions.

       c. VEC billed 22.1 hours of time for a routine status report and then billed an additional 5.9 hours for a virtually identical report that it later provided to Westport.

19. Hill Brothers agreed to replace VEC as defense counsel. Accordingly, effective as of April 17, 2015, Hill Brothers retained Morgan, Lewis & Bockius LLP to defend the Hill Brothers Cases.

20. Westport has attempted to informally resolve the matter with VEC, to no avail. Among other things, Westport filed a petition for nonbinding voluntary fee arbitration with the Attorney-Client Mediation and Arbitration Services of the Los Angeles County Bar Association, but has now determined that litigation in this Court is necessary to obtain a fair and binding outcome. VEC has represented that it will file litigation for fees it claims it is owed and for other damages it has allegedly suffered, regardless of the outcome of any nonbinding dispute resolution procedure. Accordingly, Westport dismissed the arbitration without prejudice and has now filed this complaint.

**FIRST CAUSE OF ACTION**

**(BREACH OF CONTRACT)**

21. Westport refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 20, inclusive, hereinabove set forth.

22. Westport and VEC entered into a contract that required VEC to provide competent legal services to Hill Brothers at a reasonable fee.

23. VEC failed to perform its obligation under the contract by providing incompetent legal services and by excessive billing.

24. At all times mentioned herein, Westport has fully performed its obligations and duties under the contract, except for those obligations and duties that have been excused as a result of VEC's conduct.

25. As a direct and proximate result of VEC's breaches, Westport has sustained monetary and other damages in an amount in excess of $2 million and that is subject to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (BREACH OF THE COVENANT OF GOOD FAITH & FAIR DEALING)

26. Westport refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 25, inclusive, hereinabove set forth.

27. Implied in every contract is a covenant of good faith and fair dealing whereby each party covenants that it shall not do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the agreement.

28. At all times mentioned herein, Westport either had performed or was ready, willing and able to perform all conditions, covenants and promises required of Westport in accordance with the terms of the contract, other than those excused by the breaches of VEC.

29. The implied covenant of good faith and fair dealing imposed upon VEC the duty to refrain from acting, or failing to act, in a manner that would, among other things, prevent Westport from obtaining the benefits of the contract. As set forth in detail above, the acts and/or omissions of VEC breached the implied covenant to deal fairly and in good faith. Specifically, but without limitation, VEC

breached the covenant of good faith and fair dealing by engaging in widespread overbilling and submitting unreasonable bills to Westport.

30. As a direct and proximate result of VEC's breaches of the implied covenant of good faith and fair dealing, Westport has sustained monetary and other damages in an amount in excess of $2 million and that is subject to proof at the time of trial. Moreover, VEC has been unjustly enriched by its retention of the benefit/monies paid to it at the expense of Westport.

### THIRD CAUSE OF ACTION
### (DECLARATORY RELIEF)

31. Westport refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 30, inclusive, hereinabove set forth.

32. An actual controversy has arisen and now exists between Westport and VEC concerning their respective rights and duties in that Westport alleges that VEC breached its contractual obligations to Westport by providing incompetent legal services and by overbilling, and VEC denies those allegations.

33. Westport desires a judicial determination of its rights and duties and a declaration that it does not owe VEC any amount of money in further payment for VEC's purported attorneys' fees and costs in connection with the Hill Brothers Cases.

34. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Westport may ascertain its rights and duties.

### FOURTH CAUSE OF ACTION
### (ACCOUNTING)

35. Westport refers to and incorporates herein by this reference each and every allegation contained in Paragraphs 1 through 34, inclusive, hereinabove set forth.

36. Westport's allegation that it has already overpaid VEC by more than $2 million for VEC's attorneys' fees and costs in connection with the Hill Brothers Cases involves complex accounts and disputes concerning the reasonableness of the charges on those accounts, among other things.

37. An accounting is required so that Westport is fully aware of VEC's liability with respect to the amounts Westport is seeking as a refund from VEC.

**PRAYER**

WHEREFORE, Complainant prays for judgment against Defendants, and each of them, as follows:

1. For damages according to proof;
2. Restitution for all amounts unjustly retained;
3. For interest on Complainant's monetary damages;
4. For costs of suit;
5. For a declaratory judgment against Defendants that Westport has no further obligation to pay Defendants for attorneys' fees and costs in connection with the Hill Brothers Cases;
6. For an accounting of the books and records of Defendants relating to the legal fees and costs in connection with the Hill Brothers Cases;
7. For such other and further relief as this Court deems just and proper.

Dated: October 5, 2015

MANATT, PHELPS & PHILLIPS, LLP
Craig J. de Recat
Matthew P. Kanny
Katrina Dela Cruz

By: /s/ Craig J. de Recat
Craig J. de Recat
*Attorneys for Plaintiff*
WESTPORT INSURANCE CORPORATION