1  Heather L. Rosing, Bar No. 183986
   KLINEDINST PC
2  501 West Broadway, Suite 600
   San Diego, California 92101
3  (619) 239-8131/FAX (619) 238-8707
   hrosing@klinedinstlaw.com
4
   Frank C. Olah, Bar No. 247843
5  KLINEDINST PC
   777 South Figueroa Street, Suite 2800
6  Los Angeles, California 90017
   (214) 406-1100/FAX (213) 406-1101
7  folah@klinedinstlaw.com
8  Attorneys for Defendant
   VASQUEZ, ESTRADA & CONWAY
9  LLP

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

12

13 | WESTPORT INSURANCE        | Case No.   2:15-cv-07813 SVW-AS
14 | CORPORATION, a Missouri   |
   | corporation,              | **DEFENDANT'S NOTICE OF MOTION
15 |                           | AND MOTION TO DISMISS FOR
   |         Plaintiff,        | IMPROPER VENUE (FRCP 12(b)(3));
16 |                           | OR IN THE ALTERNATIVE TO
   |      v.                   | TRANSFER FOR IMPROPER VENUE
17 |                           | (28 U.S.C. § 1406(a)); OR IN THE
   | VASQUEZ, ESTRADA &        | ALTERNATIVE TO TRANSFER FOR
18 | CONWAY LLP and DOES 1     | CONVENIENCE (28 U.S.C. § 1404(a))**
   | through 10,               |
19 |                           | **Date**:      December 14, 2015
   |         Defendants.       | **Time**:      1:30 p.m.
20 |                           | **Ctrm**:      6
   |                           | **Judge**:     Hon. Stephen V. Wilson
21 |                           | **Magistrate**: Hon. Alka Sagar
22 |                           | Complaint Filed:  October 5, 2015
   |                           | Trial Date:       None set
23

24              **TO PLAINTIFF AND ITS ATTORNEYS OF RECORD**:

25         **PLEASE TAKE NOTICE THAT** on  December 14, 2015, or as soon

26 thereafter as the matter may be heard in the courtroom of Hon. Stephen V. Wilson

27 located at United States Courthouse, Courtroom 6, Second Floor, 312 North Spring

28 St., Los Angeles, CA 90012, Defendant VASQUEZ, ESTRADA & CONWAY

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

LLP will and hereby does move pursuant to *Federal Rules of Civil Procedure* rule 12(b)(3) for an order dismissing this action on the ground that venue in this action is improper; or in the alternative, to transfer this action to the Northern District of California pursuant to 28 USC § 1406(a); or in the alternative, to transfer to the said district for convenience of parties and witnesses under 28 USC § 1404(a).

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities and the Declarations of Michael Vasquez, Esq., Michael Estrada, Esq., and Patricia Conway, Esq. filed and served herewith, and upon the papers, records and pleadings on file herein.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 9 and 10, 2015.

KLINEDINST PC

DATED:  November 10, 2015          By:   /s/ Frank C. Olah
                                        Heather L. Rosing
                                        Frank C. Olah
                                        Attorneys for Defendant
                                        VASQUEZ, ESTRADA & CONWAY
                                        LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (Rule 12(b)(3))
2:15-cv-07813 SVW-AS

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................... 1

II. STATEMENT OF FACTS ..................................................... 1

    A. Vasquez, Estrada & Conway, LLP ............................... 1

        1. VECs Only Office Is In San Rafael ............................ 1

        2. VEC's Partners Reside in Sonoma and Marin Counties............ 2

            **a. Michael A. Vasquez, Esq.**................................... 2

            **b. Michael J. Estrada, Esq.**.................................. 4

            **c. Patricia K. Conway, Esq.** ................................ 5

    B. VEC's Conduct Regarding Westport Occurred in San Rafael ............ 6

        1. The Contract at Issue Was Executed In San Rafael................ 6

        2. The Contract at Issue Was Performed In San Rafael................ 6

        3. Westport's Investigation Took Place In San Rafael ................ 7

    C. VEC's Anticipated Witnesses Reside in the Northern District............ 8

III. PLAINTIFF FILED ITS COMPLAINT IN THE WRONG DISTRICT ....... 9

    A. The Central District is an Improper Venue ........................................... 9

        1. VEC Does Not Reside in the Central District.......................... 10

        2. The Events Giving Rise to Westport's Claim Did Not Occur in the Central District ...................................... 11

IV. THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT, WHERE IT COULD HAVE BEEN BROUGHT ........................................................................... 13

V. THIS ACTION MAY BE TRANSFERRED TO THE NORTHERN DISTRICT FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES ...................................................................... 14

VI. THE CENTRAL DISTRICT HAS NO PARTICULAR INTEREST IN THIS ACTION ................................................................. 16

VII. CONCLUSION.................................................................... 17

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (Rule 12(b)(3))
2:15-cv-07813 SVW-AS

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Allstar Mktg. Group, LLC v. Your Store Online, LLC*
666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) ................................... 9, 10

5

*Denver & R. G. W. R. Co. v. Brotherhood of Railroad Trainmen*
6   387 U.S. 556, 560 (U.S. 1967 ............................................................ 9, 11

7   *Emplrs. Mut. Cas. Co. v. Bartile Roofs, Inc.*
618 F.3d 1153, 1166 (10th Cir. Wyo. 2010) ....................................... 11

8

*In re Horseshoe Entm't*
9   305 F.3d 354, 358 (5th Cir. La. 2002) ................................................. 15

10  *Jenkins Brick Co. v. Bremer*
321 F.3d 1366, 1372 (11th Cir. Ga. 2003) ........................................... 12

11

*Jones v. GNC Franchising, Inc.*
12  211 F.3d 495, 498-499 (9th Cir. Cal. 2000) ........................................ 15

13  *King v. Russell*
963 F.2d 1301, 1304 (9th Cir. Ariz. 1992) ...................................... 6, 13

14

*Liaw Su Teng v. Skaarup Shipping Corp.*
15  743 F.2d 1140, 1148 (5th Cir. 1984) .................................................... 14

16  *Metz v. United States Life Ins. Co.*
674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) ...................................... 15

17

*Minnette v. Time Warner*
18  997 F.2d 1023, 1026-27 (2d Cir. N.Y. 1993) ....................................... 13

19  *Mitrano v. Hawes*
377 F.3d 402, 405 (4th Cir. Va. 2004) ................................................. 11

20

*Reiffin v. Microsoft Corp.*
21  104 F. Supp.2d 48, 53, fn.12 (D.D.C. 2000) ........................................ 17

22  *Shapiro v. Bonanza Hotel Co.*
185 F.2d 777, 780-81 (9th Cir. Nev. 1950) .......................................... 14

23

*Stewart Org., Inc. v. Ricoh Corp.*
24  487 U.S. 22, 29-30 (1988) ................................................................... 15

25  *Technograph Printed Circuits v. Packard Bell Elecs. Corp.*
290 F. Supp. 308 .................................................................................. 10

26

**Federal Statutes**

27

28 U.S.C. § 1404(a) .................................................................. 1, 14, 15

28

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

- ii -

28 USC § 1332 ........................................................................................ 14

28 USC § 1391(b)(1) ............................................................................. 11

28 USC § 1391(b)(2) ............................................................................. 11

28 USC § 1391(c)(2) ............................................................................. 10

28 USC § 1391(d) ................................................................................. 11

28 USC § 1404(a) ........................................................................ 2, 16, 18

28 USC § 1406(a) .................................................................. 2, 13, 14, 17

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (Rule 12(b)(3))
2:15-cv-07813 SVW-AS

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On October 5, 2015, Plaintiff WESTPORT INSURANCE CORPORATION ("Westport") filed this civil action against Defendant VASQUEZ, ESTRADA & CONWAY LLP ("VEC") in the Central District of California.  (Doc. 1.)  Westport and VEC are the only parties to this suit.  Westport's asserted basis of jurisdiction is diversity.  (Doc. 2, ¶ II(4).)

The complaint alleges causes of action for breach of contract, breach of the covenant of good faith and fair dealing, declaratory relief, and accounting. Westport's claims arise from VEC's representation of Westport's insured Hill Brothers Chemical Company ("Hill Brothers") from approxiamaely May 2013 to April 2015.  Westport's suit seeks to recover attorneys fees and costs it claims were improply charged in the course of VEC's defense of Hill Brothers in numerous asbestos lawsuits filed against it in California.

According to the complaint, Westport is a Missouri corporation and a wholly owned subsidiary of SR Corporate Solutions America Holding Corporation, which is a Delaware corporation.  Westport's principal place of business is Kansas.  (Doc. 1, ¶ 4.)  SR Corporate Solutions America Holding Corporation is wholly owned by Swiss Re Corporate Solutions Ltd, which is wholly owned by Swiss Re Ltd.  (Doc. 4.)  Westport served the summons and complaint on VEC's office located at 1000 Fourth Street, Suite 500, San Rafael, California 94901.  (Doc. 7.)

### II.   STATEMENT OF FACTS

#### A.   Vasquez, Estrada & Conway, LLP

##### 1.   VECs Only Office Is In San Rafael

VEC is a limited liability partnership, registered with the State Bar of California with Certificate No. 53513.  (Vasquez Decl., ¶ 3, Ex. A.)  VEC's only office is located at 1000 Fourth Street, Suite 500, San Rafael, California 94901. (Vasquez Decl., ¶ 4.)

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1      VEC is a law firm formed in 2001 that specializes in product liability

2  litigation and in particular the defense of asbestos claims.  (Vasquez Decl., ¶ 5.)

3  Since January 2, 2001, VEC's principal place of business has been located in San

4  Rafael, CA.  (Vasquez Decl., ¶ 6.)  VEC is a partnership comprised of three

5  partners: Michael A. Vasquez, Esq., Michael J. Estrada, Esq., and Patricia K.

6  Conway, Esq.  (Vasquez Decl., ¶ 7.)  All three partners have at all times worked

7  exclusively out of VEC's office in San Rafael, CA.  (Vasquez Decl., ¶ 8.)

8      In 2010, VEC opened a small office in Glendale, CA staffed by only three

9  associate attorneys.   (Vasquez Decl., ¶ 9.)  VEC was forced to close the Glendale

10  office in May 2015, prior to the filing of Westport's complaint, as a direct result of

11  losing Hill Brothers as a client.  (Vasquez Decl., ¶ 10.)

12      VEC represented Hill Brothers from 2001 to April 2015.  (Vasquez Decl., ¶

13  11.)  In April 2015, VEC had to let go over 40 employees, including over 20

14  attorneys, three of whom worked in Glendale, CA.  (Vasquez Decl., ¶ 12.)  VEC

15  presently has only seven attorneys.  (Vasquez Decl., ¶ 13.)  As of May 2015, all of

16  VEC's staff and attorneys worked in VEC's office in San Rafael, CA.  (Vasquez

17  Decl., ¶ 14.)

18      **2.**    **VEC's Partners Reside in Sonoma and Marin Counties**

19      **a.**    <u>**Michael A. Vasquez, Esq.**</u>

20      Vasquez is one of VEC's three equity partners.  He currently resides in

21  Sonoma County, CA, which was his residence on October 5, 2015 when Westport

22  filed its complaint.  (Vasquez Decl., ¶ 15.)

23      Vasquez began representing Hill Brothers in 1996.  When Vasquez, Estrada,

24  and Conway opened VEC in 2001, Hill Brothers continued to retain Vasquez and

25  his partners to defend it.  (Vasquez Decl., ¶ 16.)

26      Vasquez was primarily responsible for managing Hill Brothers' defense in

27  California asbestos litigation and therefore the litigation decision-making and case

28  management decisions were done in San Rafael, CA.  (Vasquez Decl., ¶ 17.)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (Rule 12(b)(3))
2:15-cv-07813 SVW-AS

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1   All case billing for Hill Brothers as well as accounting was done in San

2   Rafael.   (Vasquez Decl., ¶ 18.)  Westport required VEC to electronically submit

3   invoices for services rendered by converting them to LEEDS files and uploading

4   them via Swiss Re's TYMETRIX bill paying system.  The preparation of VEC's

5   invoices to Westport, conversion to LEEDS files, and uploading to Tymetrix, were

6   all done out of VEC's office in San Rafael, CA.  (Vasquez Decl., ¶ 19.)

7   The vast majority of asbestos lawsuits that were filed against Hill Brothers

8   and defended by VEC were venued in San Francisco, Alameda and Los Angeles.

9   (Vasquez Decl., ¶ 20.)  As to the Los Angeles cases, the only work VEC performed

10  on them in the Central District was attending court proceedings and depositions,

11  and preparing written discovery, motions, pleadings and correspondence.

12  (Vasquez Decl., ¶ 21.)  Plaintiff depositions were conducted all over California and

13  throughout the United States.  (Vasquez Decl., ¶ 22.)  Expert depositions were

14  normally taken by telephone.  (Vasquez Decl., ¶ 23.)  To the extent VEC is still in

15  possession of them, the Hill Brothers' case files and accounting records are located

16  in San Rafael, CA.  (Vasquez Decl., ¶ 24.)    Beginning in April 2015, Morgan

17  Lewis & Bockius LLP substituted in as attorneys of record for Hill Brothers in

18  place of VEC in all asbestos lawsuits in which Hill Brothers was a party in

19  California.  (Vasquez Decl., ¶ 25.)  In April 2015, VEC transferred Hill Brothers'

20  hard copy and electronic case files to Morgan Lewis & Bockius' San Francisco

21  office.  (Vasquez Decl., ¶ 26.)

22  This case is very important to Vasquez on both a personal and professional

23  level.  Because of Westport's interference, Vasquez lost a client he represented for

24  nearly twenty years.  Vasquez also had to let go of most of VEC's employees and

25  attorneys, which was a profoundly difficult and painful process.  (Vasquez Decl., ¶

26  27.)

27  Moreover, it is essential to VEC's defense that Vasquez is able to attend

28  court hearings, conferences and other meetings that arise in litigation.  Because

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1    Vasquez directed the defense of Hill Brothers for almost two decades, and because

2    of his and Conway's close familiarity with the fact set presented by the case,

3    Vasquez' availability to, and close participation with VEC's attorneys is essential

4    to the defense of this case.  However, if the case remains in the Central District,

5    Vasquez will not be able to participate in the defense as he needs to due to the time

6    and expense of travelling back and forth between San Rafael and Los Angeles.

7    (Vasquez Decl., ¶ 28.)

8         It is Vasquez' understanding that Westport's attorneys of record, Manatt,

9    have an office in San Francisco according to Manatt's website:

10   https://manatt.com/OfficeList.aspx.  (Vasquez Decl., ¶ 29.)

11        Furthermore, VEC plans to file a counterclaim against Westport to recover

12   unpaid attorneys' fees and costs arising from VEC's representation of Hill

13   Brothers.  (Vasquez Decl., ¶ 30.)  For obvious reasons, VEC would desire to

14   prosecute the counterclaim in the Northern District where VEC is located, where

15   its surviving employees reside, where all the witnesses, records and documents are

16   located, and where Vasquez can consult with counsel prosecuting the counter-

17   claim is located.  (Vasquez Decl., ¶ 31.)

18              **b.    Michael J. Estrada, Esq.**

19        Estrada is one of VEC's three equity partners.  He currently resides in

20   Sonoma County, CA, which was his residence on October 5, 2015 when Westport

21   filed its complaint.  (Estrada Decl., ¶ 3.)  Since 2001, Estrada was always resident

22   at VEC's San Rafael office.  He was never resident at VEC's closed Glendale

23   office.  (Estrada Decl., ¶ 4.)

24        Estrada represented Hill Brothers in California asbestos litigation from the

25   late-1990s to approximately 2011.  (Estrada Decl., ¶ 5.)  After 2010, Estrada

26   consulted with Vasquez and Conway regarding strategy on certain Hill Brothers

27   cases and occasionally supervised the VEC associate attorney handling a Hill

28   Brothers case.  This was done by Estrada in San Rafael.  (Estrada Decl., ¶ 6.)

1   Estrada has not billed any time to a Hill Brothers case since approximately

2   2011.  (Estrada Decl., ¶ 7.)  Any communications or interactions Estrada had with

3   Westport were from VEC's San Rafael office.  (Estrada Decl., ¶ 8.)

4   Besides being a percipient witness in this case, Estrada wants to attend and

5   participate in hearings, conferences and other meetings that arise in the course of

6   litigation – as is his right.  However, if the matter remains in the Central District,

7   he will not be able to participate as he desires due to the expense and time away

8   from work incurred in having to travel from San Rafael to Los Angeles.  (Estrada

9   Decl., ¶ 9.)

10   **c.     Patricia K. Conway, Esq.**

11   Conway is one of VEC's three equity partners.  She currently resides in

12   Marin County, CA, which was her residence on October 5, 2015 when Westport

13   filed its complaint.  (Conway Decl., ¶ 3.)  Since 2001, Conway has only been

14   resident at VEC's San Rafael office.  She was never resident at VEC's closed

15   Glendale office.  (Conway Decl., ¶ 4.)

16   Conway represented Hill Brothers in California asbestos litigation from the

17   late-1990s to April 2015.  (Conway Decl., ¶ 5.)  Since 2001, all legal work

18   performed by Conway on behalf of Hill Brothers was done in San Rafael, with the

19   exception of court appearances or depositions.  (Conway Decl., ¶ 6.)  All case

20   billing, case management, and litigation activities performed by Conway on behalf

21   of Hill Brothers were done in San Rafael.  (Conway Decl., ¶ 7.)

22   Conway has not performed any legal work on behalf of Hill Brothers after

23   April 2015.  (Conway Decl., ¶ 8.)  Any communications or interactions Conway

24   had with Westport were from VEC's San Rafael office.  (Conway Decl., ¶ 9.)

25   Conway will be a percipient witness in this case since she was one of the

26   partners responsible for managing the defense of Hill Brothers, and overseeing the

27   litigation and case billing.  (Conway Decl., ¶ 10.)  Additionally, it is essential to

28   VEC's defense that Conway attend and otherwise participate in any hearings and

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (Rule 12(b)(3))
2:15-cv-07813 SVW-AS

conferences that arise in this case, since she directed the defense of Hill Brothers for many years and is closely familiar with the facts presented in this case. (Conway Decl., ¶ 11.)  However, Conway expects she will not be able to participate in the defense of her case as fully as she would like due to the time, expense and difficulty of scheduling time away from the office to travelling back and forth from San Rafael to Los Angeles.  (Conway Decl., ¶ 12.)

**B.**   **VEC's Conduct Regarding Westport Occurred in San Rafael**

    **1.**   **The Contract at Issue Was Executed In San Rafael**

On September 19, 2013, Westport emailed a proposed engagement letter to VEC's office in San Rafael, CA. (Vasquez Decl., ¶ 32, Ex. B.)  The engagement letter was sent by Karen Chamberlain, Westport's Assistant Vice President of Property & Casualty Business Management, whose office is located in Armonk, NY.  (Vasquez Decl., ¶ 33, Ex. B.)

The engagement letter instructs VEC to act for Swiss Re and Westport in connection with Hill Brothers.  (Vasquez Decl., ¶ 34, Ex.B at ¶ 1.1.)  The engagement letter states that the following members of VEC will act on the matter: Michael Vasquez and Patricia Conway.  (Vasquez Decl., ¶ 35, Ex.B at ¶ 2.1.)

The engagement letter identifies Karen Chamberlain as the "Swiss Re Internal Responsible" with "prime responsibility" for this matter and provides her contact details as "Westport Insurance Company, 175 King Street, Armonk, NY 10504." (Vasquez Decl., ¶ 36, Ex. B at ¶ 3.1.)  The engagement letter states that VEC is to only accept instructions in this matter from Westport through Chamberlain.  (Vasquez Decl., ¶ 37, Ex. B at ¶ 3.2.)

On September 19, 2013, Vasquez reviewed, negotiated, and signed the engagement letter on behalf of VEC at VEC's office in San Rafael, CA then returned it to Chamberlain in Armonk, NY.  (Vasquez Decl., ¶ 38, Ex.B.)

    **2.**   **The Contract at Issue Was Performed In San Rafael**

Since 2013, all VEC's communications with Westport have emanated from

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

the San Rafael office and by VEC partners who work out of the San Rafael office. (Vasquez Decl., ¶ 39.)  All case billing and accounting materials for Hill Brothers were prepared in VEC's San Rafael office, where VEC's accounting department has always been located.  (Vasquez Decl., ¶ 40.)  All VEC's invoices for work performed for Hill Brothers were converted to LEEDS format and transmitted to Westport from VEC's San Rafael office.  (Vasquez Decl., ¶ 41.)  All communications and payments from Westport were sent to and received at VEC's San Rafael office.  (Vasquez Decl., ¶ 42.)

All litigation plans, suit reports, and litigation budgets that VEC prepared regarding its representation of Hill Brothers and submitted to Westport were sent to Westport from the San Rafael office.  (Vasquez Decl., ¶ 43.)  All strategy discussions and litigation planning conferences between VEC and Westport occurred in VEC's San Rafael office; VEC presumes Westport's agent Chamberlain was located in New York during those calls.  (Vasquez Decl., ¶ 44.)  All staff, including legal secretaries, paralegals, file personnel, receptionists, and the office manager worked out of the San Rafael office.  (Vasquez Decl., ¶ 45.)

### 3.   Westport's Investigation Took Place In San Rafael

In or around February 2015, Westport hired the law firm Forman Watkins Krutz & Tardy LLP to "investigate" VEC's billing practices regarding the Hill Brothers cases.  (Vasquez Decl., ¶ 46.)  According to its website www.formanwatkins.com, Forman Watkins does not have an office in California. (Vasquez Decl., ¶ 47.)

In February 2015, VEC's San Rafael office provided several Hill Brothers case files to Forman Watkins at Westport's request for Forman Watkins to review. (Vasquez Decl., ¶ 48.)  On or about February 12, 2015, several attorneys from Forman Watkins met with and interviewed Vasquez at VEC's San Rafael office regarding his litigation management and billing practices for Hill Brothers cases. (Vasquez Decl., ¶ 49.)

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

C.   **VEC's Anticipated Witnesses Reside in the Northern District**

The following are the names and addresses of persons presently known to be percipient witnesses in connection with VEC's defense as to the matters raised in the pleadings in this action, and the matters upon which they are expected to testify:

(i)   **Michael A. Vasquez, Esq**. resides in Sonoma County, CA and is expected to testify as to the following matters: all work performed as a partner of VEC from 2013 to the present on behalf of former client Hill Brothers, including but not limited to contracts and agreements with Westport, preparation of litigation budgets for Westport, litigation management, case strategy and decision-making, case billing, staffing cases, communications with Westport and Hill Brothers, and VEC's policies and procedures regarding case management and staffing, client communications, and accounting practices.

(ii)   **Michael J. Estrada, Esq**. resides in Sonoma County, CA and is expected to testify as to the following matter: VEC's policies and procedures regarding case management and staffing.

(iii)   **Patricia K. Conway, Esq**. resides in Marin County, CA and is expected to testify as to the following matters: all work performed as a partner of VEC from 2013 to the present on behalf of former client Hill Brothers, including but not limited to litigation management, case strategy and decision-making, case billing, staffing cases, communications with Westport and Hill Brothers, and VEC's policies and procedures regarding case management and staffing.

(iv)   **John M. Charnon** resides in San Francisco, CA and is expected to testify as to the following matter: all work performed as VEC's Controller from 2013 to the present, and in particular to invoices and accounting records related to VEC's legal services provided on behalf of Hill Brothers.

(v)   **Janie Loyd** resides in Martinez, CA and is expected to testify as to the following matter: all work performed as VEC's Accounts Receivable

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

Person from 2013 to the present, and in particular to invoices and accounting records related to VEC's legal services provided on behalf of Hill Brothers.

(vi)     **Monica Hernandez** resides in Pinole, CA and is expected to testify as to the following matter: all work performed as VEC's Accounts Payable Person from 2013 to the present, and in particular to invoices and accounting records related to VEC's legal services provided on behalf of Hill Brothers.

(vii)     **Kim Dolan** resides in San Rafael, CA and is expected to testify as to the following matter: all work performed as VEC's former Office Manager from 2013 to June 2015, and in particular to invoices and accounting records related to VEC's legal services provided on behalf of Hill Brothers, as well as litigation management activities performed by VEC on behalf of Hill Brothers.

(viii)     The dozen or so of **VEC's current and former associate attorneys** who provided legal services on behalf of Hill Brothers from 2013 to 2015 and who reside in counties in the Northern District, with the exception of the three former attorneys that worked in the closed Glendale office.  (Vasquez Decl., ¶ 50.)

## III.     <u>PLAINTIFF FILED ITS COMPLAINT IN THE WRONG DISTRICT</u>

### A.     <u>The Central District is an Improper Venue</u>

"A party wishing to challenge venue may bring a motion under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406, which provides that a district court shall dismiss or transfer a case if venue is improper." (*Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009).)  "[V]enue is primarily a matter of convenience of litigants and witnesses." (*Denver & R. G. W. R. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560 (U.S. 1967).)  The purpose of venue rules is to give defendants some control over the place of trial and to prevent plaintiffs from filing in some remote district unrelated to the case.  (*Id.* at 560.)

According to the general rules of venue in federal cases, a civil action may

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

be brought in:

> (1)   a judicial district **in which any defendant resides**, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district **in which a substantial part of the events or omissions giving rise to the claim occurred**, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. (28 USC § 1391(b); emphasis added.)

"The plaintiff has the burden of showing that venue is proper in this district. Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated.  In ruling on a motion to dismiss for improper venue, the allegations in the complaint need not be accepted as true, and the court may consider evidence outside the pleadings." (*Allstar Mktg. Group, LLC*, *supra*, 666 F.Supp.2d at 1126.)

## 1.   VEC Does Not Reside in the Central District

At the time Westport filed its complaint, VEC did not have an office in the Central District.  For venue purposes, the residence is determined at the time of commencement of the action – not at the time of the event giving rise to the claim for relief.  (*Technograph Printed Circuits v. Packard Bell Elecs. Corp.*, 290 F. Supp. 308, 326 (C.D. Cal. 1968); *Tenefrancia v. Robinson Export & Import Corp.*, 921 F.2d 556, 559 (4th Cir. Va. 1990).)

"[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…." (28 USC § 1391(c)(2).)   If there are several federal districts in a state, a corporate defendant is deemed to reside in any district in which its contacts would subject it to personal

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

- 10 -

1   jurisdiction at the time an action is commenced, if that district were a separate

2   state. (28 USC § 1391(d).)  Non-corporate entities are treated the same as

3   corporations in defining their residence, i.e., such defendant entities are deemed to

4   reside in any judicial district in which such defendant is subject to the court's

5   personal jurisdiction with respect to the civil action in question. (28 USC §

6   1391(c)(2); *Denver & Rio Grande Western R.R. Co.*, *supra*, at 559.)

7          VEC did not "reside" in the Central District at the time this action was

8   commenced on October 5, 2015.  VEC closed its Glendale office in May 2015.

9   Moreover, as of the commencement of this action VEC did not have any partners,

10  attorneys, or employees that resided in the Central District.  All of VEC's partners

11  and employees reside in the Northern District.  Further, VEC ceased performing

12  any legal work for Hill Brothers in the Central District at or before the time

13  Morgan Lewis substituted in in April 2015, which was prior to Westport's filing of

14  it complaint.  Thus, as there are no other defendants in this case that might reside

15  in the Central District, venue is improper under 28 USC § 1391(b)(1).)

16          **2.      The Events Giving Rise to Westport's Claim Did Not Occur**

17                    **in the Central District**

18          Where residence cannot be established, venue may be determined by

19  showing a "substantial part of the events or omissions" on which the claim is based

20  occurred in the district.  (28 USC § 1391(b)(2); *Mitrano v. Hawes*, 377 F.3d 402,

21  405 (4th Cir. Va. 2004).)

22          The court conducts a two part analysis when reviewing venue challenges.

23  First, the court examines "the nature of the plaintiff's claims and the acts or

24  omissions underlying those claims." (*Emplrs. Mut. Cas. Co. v. Bartile Roofs, Inc.*,

25  618 F.3d 1153, 1166 (10th Cir. Wyo. 2010).)  Second, the court determines

26  "whether substantial events material to those claims occurred in the forum

27  district." (*Id.*)

28

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA  90017

"The substantiality requirement is satisfied upon a showing of acts and omissions that have a close nexus to the alleged claims. We look . . . not to a single triggering event prompting the action, but to the entire sequence of events underlying the claim. ... [W]hen engaging in the substantiality analysis, courts ought not focus solely on the matters that gave rise to the filing of the action, but rather should look at the entire progression of the underlying claim." (*Id.*; internal citations omitted.)

For example, the court should look to where the contract at issue was presented, negotiated, and executed. (*Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. Ga. 2003).)

In this case, the nature of Westport's claim is for breach of an engagement agreement between a law firm and its client's insurer regarding case billing and litigation management. Notably, the agreement at issue is not between VEC and Hill Brothers.

Westport contends that VEC engaged in overbilling, submitted unreasonable bills to Westport, and failed to manage Hill Brothers cases according to the engagement letter and litigation guidelines. Westport seeks to recover overpaid attorneys' fees and seeks an accounting to determine the refund amounts. Thus, the nature of Westport's claim concerns VEC's billing and case management practices for Hill Brothers. There are no allegations pertaining directly to VEC's litigation strategy, legal representation of Hill Brothers, or the quality of legal services provided for Hill Brothers. The complaint is focused specifically on the relationship between VEC and Westport from 2013 to 2015.

None of the events or omissions allegedly giving rise to Westport's claims occurred in the Central District. Certainly, it cannot be credibly argued that a "substantial part" of the alleged events or omissions occurred on the Central District.

As demonstrated above, the engagement agreement was presented and executed in San Rafael, all case billing and accounting services were performed in San Rafael, all invoices from VEC to Westport were prepared in San Rafael, all

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

- 12 -

communications from VEC to Westport emanated from San Rafael, all case

management and decision-making was done in San Rafael, and all supervision of

Hill Brothers cases pursuant to the engagement agreement was done in San Rafael.

The engagement agreement was entirely performed in San Rafael. To the extent

VEC performed any legal services on behalf of Hill Brothers in the Central

District, such services were limited to court appearances, depositions, and drafting

pleadings and discovery in conformity with case management decisions made in

San Rafael by the handling VEC partners. Westport's "investigation" of VEC's

billing practices was conducted in San Rafael. All VEC's case files and

accounting records are located in San Rafael. Finally, Westport is not a resident of

California and its agent for all events alleged in this case resided in Armonk, New

York. Thus, venue in the Central District is improper under 28 USC § 1391(b)(2).)

## IV.   THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT, WHERE IT COULD HAVE BEEN BROUGHT

This Court has the authority to transfer this case to the Northern District

under 28 USC § 1406(a), which states:

> The district court of a district in which is filed a case laying venue in the wrong division or district **shall** dismiss, or if it be in the interest of justice, transfer such case to any district or division **in which it could have been brought.** (28 USC § 1406(a); emphasis added.)

If there is another district in which the case could have been brought,

transfer is preferred to the harsh remedy of dismissal. (*Minnette v. Time Warner*,

997 F.2d 1023, 1026-27 (2d Cir. N.Y. 1993).) Transfer is appropriate only if "in

the interests of justice" and the court must consider judicial economy and the

relative injustice imposed on the plaintiff and defendant. (*King v. Russell*, 963

F.2d 1301, 1304 (9th Cir. Ariz. 1992).)

An action may be transferred only to a district in which "it could have been

brought." Thus, the proposed transferee court must have subject matter

jurisdiction, proper venue, and defendant must be subject to personal jurisdiction

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (Rule 12(b)(3))
2:15-cv-07813 SVW-AS

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

and be amendable to service of process in that district.  (*Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 780-81 (9th Cir. Nev. 1950).)  "[I]n determining whether an action 'might have been brought' in a proposed transferee venue, a district court must look to the state of the world at the time of filing…."  (*Schubert v. Osram Ag*, 2013 U.S. Dist. LEXIS 19705, *6 (D. Del. Feb. 14, 2013).)  The transferee court's jurisdiction and venue are tested as of the time the action was commenced.  (*Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984).)

Westport filed this action in the wrong district.  VEC did not reside in the Central District at the time the case commenced, nor did a substantial part of the events giving rise to Westport's claim occur in the Central District.  This court therefore may exercise its discretion to transfer this case to the Northern District.

The Northern District is the district in which this case could have been brought – and should have been brought.  First, the Northern District has diversity jurisdiction under 28 USC § 1332 as the amount in controversy exceeds $75,000 and Westport and VEC are citizens of different states, i.e. Missouri and California.  Second, VEC, the only defendant, resides in San Rafael where its only office is located.  Third, VEC is subject to personal jurisdiction in the Northern District as all of its attorneys and employees work in San Rafael.  And fourth, VEC is amenable to service of process in the Northern District, where its office is located and where Westport actually did serve VEC with the summons and complaint in this case.  Thus, this matter could have been brought in the Northern District, and this court may transfer this case to the Northern District under 28 USC § 1406(a).

## V.  **THIS ACTION MAY BE TRANSFERRED TO THE NORTHERN DISTRICT FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES**

This Court has the authority to transfer this case to the Northern District under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1
> interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. (28 U.S.C. § 1404(a).)

2

3

4    The intention of 28 U.S.C. § 1404(a) is "to place discretion in the district

5    courts to adjudicate motions to transfer according to an individualized, case-by-

6    case consideration of convenience and fairness." (*Stewart Org., Inc. v. Ricoh*

7    *Corp.*, 487 U.S. 22, 29-30 (1988).)

8
> A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. (*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. Cal. 2000).)

9

10

11

12

13

14

15

16   "The relative convenience to the witnesses is often recognized as the most

17   important factor to be considered in ruling on a motion under § 1404(a)." (*Metz v.*

18   *United States Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009).)  Further,

19   the location of books, records, and evidence may weigh in favor of transfer to the

20   district in which they are located.  (*In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th

21   Cir. La. 2002).)

22   This action could have been brought in the Northern District, which is

23   obviously the more convenient forum.

24   First, all of VEC's partners, employees and attorneys work in and reside in

25   the Northern District.  Furthermore, all of VEC's anticipated witnesses (i.e.,

26   Vasquez, Estrada, Conway, Charmon, Lloyd, Hernandez, and Dolan) reside in the

27   Northern District.

28   Second, the Northern District is not inconvenient for Westport because it

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

1    does not reside anywhere in California.  Also, Manatt, its attorneys of record, has

2    an office in San Francisco, according to its website:

3    https://manatt.com/OfficeList.aspx.

4         Third, all of VEC's case files, accounting records, documents pertaining to

5    Westport and Hill Brothers are located in San Rafael.

6         Fourth, San Rafael is the location where the relevant engagement agreement

7    was negotiated and executed.  It is also where are billing invoices were prepared

8    and sent to Westport.  San Rafael is where VEC's partners negotiated billing issues

9    and outstanding invoices with Westport.

10        Fifth, neither party currently has any contacts in the Central District.

11   Westport is located in Missouri, Kansas, and New York while VEC is located in

12   San Rafael.  VEC's only office is located in the Northern District and that is where

13   all its attorneys and staff currently work from and reside.

14        Sixth, there are no contacts relating to the Westport's cause of action in the

15   Central District.  All agreements, accounting services, and case management were

16   performed in San Rafael in the Northern District.

17        Fourth, for VEC the differences in the costs of litigation between the two

18   districts are great.  VEC resides in the Northern District, so it will cost

19   substantially more money for VEC to travel to Los Angeles to confer with its

20   counsel and attend court hearings and other conferences that arise during litigation.

21        For the foregoing reasons, it is appropriate for this court to transfer this case

22   to the Northern District under 28 USC § 1404(a).

23   **VI.    THE CENTRAL DISTRICT HAS NO PARTICULAR INTEREST IN**

24           **THIS ACTION**

25        Westport's choice of the Central District for this case should not be given

26   deference because this district has no particular interest in the parties or subject

27   matter of this case.

28        Deference to the plaintiff's choice of venue is further

- 16 -

diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum. (Id.)

A plaintiff's choice of forum will be accorded little deference where it is apparent that plaintiff is engaged in forum shopping and is offered an equally convenient forum elsewhere. (*Reiffin v. Microsoft Corp.*, 104 F. Supp.2d 48, 53, fn.12 (D.D.C. 2000).)

All of these factors favor a diminished deference to Westport's forum-shopping. First, as demonstrated above, none of the operative facts occurred in the Central District. All of the agreements, accounting issues, conduct, disputes, and investigations alleged in Westport's complaint occurred in San Rafael, i.e. the Northern District. Second, the Central District has no particular interest in the parties or subject matter of this case because neither party resides in the Central District and the subject matter of Westport's complaint did not occur in the Central District. Third, neither Westport nor VEC reside in the Central District. Westport resides in Missouri, Kansas, and arguably New York. VEC resides only in San Rafael. Fourth, the subject matter of Westport's complaint – i.e., the engagement agreement, litigation management guidelines, VEC's case management policies and procedures, and accounting practices and invoice preparation – is not connected to the Central District. Rather, the foregoing events occurred in San Rafael. For these additional reasons, venue in the Central District is improper and Westport's choice of venue should not be given deference.

## VII.   **CONCLUSION**

For the foregoing reasons, defendant VEC respectfully requests that this matter be dismissed on the ground that venue in this action is improper; or in the alternative, to transfer this action to the Northern District of California pursuant to 28 USC § 1406(a); or in the alternative, to transfer to the said district for

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (Rule 12(b)(3))
2:15-cv-07813 SVW-AS

1   convenience of parties and witnesses under 28 USC § 1404(a).

2        If the Court orders this matter transferred to the Northern District, VEC

3   requests transfer to the San Francisco Division.

4

5                                        KLINEDINST PC

6

7

8   DATED:  November 10, 2015        By:  /s/ Frank C. Olah

9                                         Heather L. Rosing
                                          Frank C. Olah
10                                        Attorneys for Defendant
                                          VASQUEZ, ESTRADA & CONWAY
11                                        LLP

12  16469368v1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE (Rule 12(b)(3))
2:15-cv-07813 SVW-AS