UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07813-SVW-AS | Date | December 11, 2015 |
|---|---|---|---|
| Title | Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP et al | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     IN CHAMBERS ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER [11]

**Introduction**

     On October 5, 2015, plaintiff Westport Insurance Corporation ("Westport" or "Plaintiff") filed suit against Vasquez, Estrada and Conway LLP ("VEC" or "Defendant").  Dkt. 1.  Plaintiff alleges claims for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) declaratory relief; and (4) an accounting.  *See id.*

     On November 10, 2015, Defendant filed a motion to dismiss the case for improper venue or, in the alternative, to transfer the case.  Dkt. 11.  Defendant argues that it resides only in the Northern District, the operative events occurred in the Northern District, and that even if it could have been brought in the Central District that convenience and the interest of justice require transfer to the Northern District.  *See id.*

     For the reasons stated below, the Court GRANTS Defendants' motion to transfer the case pursuant to 28 U.S.C. § 1404(a).

**Statement of Facts**

     Plaintiff is a Missouri Corporation with its principal place of business in Overland Park, Kansas. Compl. ¶ 4.  Plaintiff alleges that it was one of several insurers that paid defense fees and indemnity

|  | : |  |
|---|---|---|
|  | Initials of Preparer | |
|  | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07813-SVW-AS | Date | December 11, 2015 |
|---|---|---|---|
| Title | Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP et al | | |

settlements for the Hills Brothers Chemical Company ("Hills Brothers") based on numerous asbestos-related lawsuits against the company over the past two decades. *Id.* ¶ 1.

Despite the active litigation against Hills Brothers, Westport did not provide significant insurance coverage to Hills Brothers until around July 2013 because it had no policy that was triggered by the lawsuits.[1] *Id.* In around July 2013, Westport agreed to pay a share of the defense fees and indemnity settlements, because many of the other policies had reached their policy limits, potentially triggering the Westport policy. *Id.* Then, on November 1, 2014, Westport became the sole responding insurance company. *Id.*

VEC is California law firm that has represented Hills Brothers in some of these cases. *Id.* Since its inception in 2001, VEC has had a principal place of business in San Rafael, California. Dkt. 11, 2. And in 2010, VEC opened a second office in Glendale, California.[2] *Id.*

On September 19, 2013, Westport sent a letter to Michael Vasquez of VEC, setting forth the terms under which VEC was to represent Hills Brothers (the "Engagement Letter"). Compl. ¶ 12. Vasquez counter-signed the Engagement Letter and returned it to Westport that same day. *Id.* Westport also provided VEC with its Outside Counsel Claims Litigation Guidelines, along with the Engagement Letter, setting forth the terms of the agreement. *Id.* ¶ 13.

Between May 2013 and April 2015, VEC invoiced the insurers more than $9 million in attorneys' fees and costs. *Id.* ¶ 1. Westport's share of these invoices was $6,022,744.11. *Id.* Westport has paid $5,028,234.04 of this share. *Id.*

In late 2014, VEC presented Westport with a $5 million budget for defending Hill Brothers cases in 2015. *Id.* ¶ 2. Westport requested that VEC revise this estimated budget because Westport thought that the estimate was excessive. *Id.* VEC replied that it would simply limit its 2015 budget to Westport's remaining policy coverage limits. *Id.* This response caused Westport to suspect that VEC had been improperly running up defense costs. *Id.* Westport investigated VEC's case management procedures, staffing protocols, and settlement strategy. *Id.* The investigation concluded that VEC should not have billed more than $2,942,260.00 for the representation. *Id.* Based on these finding,

---

[1] There was one exception during a short period of coverage in 2002. Compl. ¶ 1.
[2] The second office was comprised of three partners at the firm and did not have any support staff. Dkt. 14, 11.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07813-SVW-AS | Date | December 11, 2015 |
|---|---|---|---|
| Title | Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP et al | | |

Westport apprised Hills Brothers of the results and Hills Brothers replaced VEC with another law firm. *Id.*

After Hills Brothers terminated its relationship with VEC, the firm closed their Glendale office in April 2015. *Id.* The firm laid off some of its attorneys from the office, but retained Donald Conway as a part-time employee, based out of the Los Angeles area. Dkt. 14, 1–2.

Based on these allegations, Plaintiff alleges that VEC has breached its contract with Westport to provide competent billing services without excessively billing. Compl. ¶ 3. Plaintiff also requests that the court issue a declaratory judgment finding that Plaintiff has no further payment obligation to Defendant. *Id.* Finally, Plaintiff demands an accounting to determine the extent to which liability is warranted. *Id.*

**Legal Standard**

*Wrong or Improper Venue*

If the Court determines that the case was filed in an improper or wrong venue, it must dismiss or transfer the case. Under Rule 12(b)(3), the court may dismiss the case when it finds "improper venue." Fed. R. Civ. Proc. 12(b)(3). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.*

Unless another federal venue statute applies, venue in a diversity of citizenship case is determined by 28 U.S.C. § 1391(b). *See, e.g.*, *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1164 (C.D. Cal. 2015). Section 1391(b) provides that a civil action may be brought (1) in a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) in a judicial district in which a substantial part of the events or omissions giving rise

|  | : |  |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07813-SVW-AS | Date | December 11, 2015 |
|---|---|---|---|
| Title | Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP et al | | |

to the claim occurred; or (3) if no other district is appropriate, any judicial district where any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). For venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Section (d) provides that the residency of a corporation "in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." § 1391(d).

*Change of Venue*

When the venue is proper, § 1406 does not apply, but a district court may still transfer the case pursuant to 28 U.S.C. § 1404. *Hunter v. Mozil*, No. C 08-4213 PJH, 2008 WL 5130453, at *5 (N.D. Cal. Dec. 5, 2008). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). District courts are given broad discretion to weigh the factors for and against transfer. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

"The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In making the determination of whether transfer of venue is appropriate in any particular case, a district court may consider many factors. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Generally, after it is determined that venue is proper in both districts, courts consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07813-SVW-AS | Date | December 11, 2015 |
|---|---|---|---|
| Title | Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP et al | | |

*Id.* These factors are not exclusive and should be weighed based on a case-by-case consideration of convenience and fairness. *See id.* at 498.

**Analysis**

*Wrong or Improper Venue*

The Court finds Defendant's argument that the case should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(3) or dismissed or transferred under 28 U.S.C. § 1406(a) unconvincing. Under § 1391(b), venue could be proper if the Court finds that Defendant resides in the Central District or if it finds that a substantial part of the events giving rise to the claim occurred in the Central District. Here, the Court finds that it does not have to determine whether the events taking place in the Central District were substantial because there can be little doubt that Defendant resides within the Central District for the purposes of venue.

Because Defendant is a limited liability partnership its residence is determined by § 1391(c)(2). *See, e.g.*, *Adamov v. PricewaterhouseCoopers, LLP*, No. CIV. S-13-1222 LKK, 2013 WL 5773289, at *1 n.1 (E.D. Cal. Oct. 24, 2013). The section provides that a limited liability partnership "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[3] § 1391(c)(2). Under California law, personal jurisdiction is co-extensive with the requirements of due process. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). Thus, Plaintiff must only prove that Defendant had "minimum contacts" with the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004). The Court cannot ascertain the basis for Defendant's claim that the Central District would not have at least specific jurisdiction over them. Dkt. 11, 10–11. Its arguments about reasonableness raise questions only of convenience, not due process.[4] *See* Dkt. 14, 6–7. Accordingly, the Court finds that venue in the Central

---

[3] Because Defendant had not ceased all contact with the forum at the time the lawsuit commenced, *see Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 n.10 (10th Cir. 2010), the linguistic difference between section 1391(c)(2) and 1391(d) has no direct impact on the outcome of the present motion.

[4] Defendant argues that the Central District would not have personal jurisdiction over it because "VEC closed its Glendale office in May 2015. Moreover, as of the commencement of this action VEC did not have any partners, attorneys, or employees that resided in the Central District. All of VEC's partners and employees reside in the Northern District. Further, VEC ceased performing any legal work for Hill Brothers in the Central District at or before the time Morgan Lewis substituted in in April

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07813-SVW-AS | Date | December 11, 2015 |
|---|---|---|---|
| Title | Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP et al | | |

District of California is not wrong or improper.

*Change of Venue*

However, after considering the submissions from the parties, the Court concludes that the case should be transferred to the Northern District of California. Though the Plaintiff's choice of forum is given considerable weight, four factors strongly suggest that convenience and justice would be better served by transferring the case.

First, Plaintiff does not dispute that the Engagement Letter that is the basis for its claim was reviewed and signed by VEC in San Rafael. *See* Dkt. 13, 19. Plaintiff does not claim that any negotiation was conducted on the behalf of either party in the Central District of California. *See id.*

Second, though the parties dispute the extent to which there were contacts with the two districts, it is clear that there is a stronger nexus with the Northern District. Because this is a contract dispute rather than a malpractice case, the relevant contacts relate primarily to Defendant's management of claim files, case management, expense practices, and billing practices. Even assuming that the Court credits Defendant's evidence that the majority of Defendant's litigation on behalf of Hills Brothers took place in the Central District, Plaintiff notes that approximately 90% of the billing for legal services was invoiced by attorneys based in San Rafael. Dkt. 14, 3. Further, the negotiation and management of the Engagement Letter and Guidelines took place in San Rafael. *Id.* at 5. And it appears that Plaintiff does not have significant contacts with either forum at present. Plaintiff only offers the fact that it has an agent for service of process and regularly transacts business in the forum. Dkt. 13, 18.

Third, the sources of proof will be more convenient in the Northern District. All of Defendant's files related to the performance of the contract are located in San Rafael. Dkt. 11, 16. Though this factor may not be as strong as it would have been prior to advances in technology, it certainly favors transfer.

---

2015, which was prior to Westport's filing of it[s] complaint." Dkt. 11, 11. Not only does Defendant contradict some of these assertions in its reply brief, by stating for example that it retains an employee located in the Central District, but Defendant's argument misses the larger point. Even under Defendant's characterization, this lawsuit has a significant connection to its performance of a contract in the Central District through active litigation in courts within the district. Defendant clearly performed a contract within the Central District, *see Schwarzenegger*, 374 F.3d at 802, and Plaintiff's harm results at least in part from Defendant's acts within the Central District, *see Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). Defendant has not and cannot "present a compelling case" that jurisdiction would not be reasonable. *See Schwarzenegger*, 374 F.3d at 802.

|  |  | : |
|---|---|---|
|  | Initials of Preparer | |
|  | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-07813-SVW-AS | Date | December 11, 2015 |
|---|---|---|---|
| Title | Westport Insurance Corporation v. Vasquez, Estrada and Conway LLP et al | | |

Finally, that there are many more significant witnesses located in the Northern District. While the Court is well aware that many of the witnesses located in the Northern District are party witnesses, the Court is not convinced that the relative importance of the non-party witnesses offered by Plaintiff justifies inconveniencing the party witnesses who will be able to testify directly on Defendant's relevant practices.[5]

The Court finds that the other factors are neutral or weigh in favor transfer.

**Conclusion**

Thus, the Court grants Defendant's motion to transfer and orders the case transferred to the Northern District of California.

IT IS SO ORDERED.

---

[5] First, it is not clear that Plaintiff actually intends to call on its two Hills Brothers witnesses to testify. *See* Dkt. 13, 20. Second, two of the non-party witnesses are affiliated with Defendant and it is unclear why their testimony would be any different from the dozens of witnesses offered by Defendants. *See* Dkt. 14, 9–10. And even if Defendant's stated concerns about the relevance of testimony of Plaintiff's current and former coverage counsel are overstated, the significance and number of witnesses located in the Northern District significantly outweigh the inconvenience caused to two non-party witnesses.

|  | : |
|---|---|
| Initials of Preparer | |
|  | PMC |